UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIV. 13-5025-JLV<br><br>ORDER |
| Plaintiff, | | |
| vs. | | |
| JEREMY MEEKS and KARA RANK, Administrator of the Estate of Austin Janis, Deceased, | | |
| Defendants. | | |

## INTRODUCTION

This matter is before the court pursuant to a motion to remand filed by State Farm Mutual Automobile Insurance Company ("State Farm"). (Docket 6). State Farm moves to remand the case to the Fourth Judicial Circuit Court, Butte County, South Dakota, after defendants Jeremy Meeks and Kara Rank, as Administrator of the Estate of Austin Janis, (collectively "defendants") removed it to federal court. (Docket 1). State Farm also moves for an award of its costs and expenses incurred in filing the motion. (Docket 6).

## FACTS

On January 15, 2012, Austin Janis was involved in a two-vehicle accident on US Highway 385 in Colorado. At the time of the accident, Austin Janis was driving a vehicle owned by Jeremy Meeks, who was a passenger in the vehicle. The other vehicle involved in the accident was driven by Sarah

Churchwell. Ms. Churchwell's vehicle crossed the centerline of the highway and collided with Mr. Janis' vehicle. Mr. Janis died as a result of injuries he sustained in the accident.

Mr. Meeks' vehicle was insured by State Farm under a policy which provides underinsured motor vehicle coverage with limits of $50,000 for each person and $100,000 for each accident. Ms. Churchwell's vehicle was also insured by State Farm with liability limits of $100,000 for each person and $300,000 for each accident. State Farm determined Ms. Churchwell's negligence was the legal cause of the accident and tendered the $100,000 liability limit to the Estate of Mr. Janis.

Kara Rank, the Administrator of the Estate of Mr. Janis, subsequently made a claim for underinsured motor vehicle coverage under the policy of Mr. Meeks. State Farm filed a declaratory judgment action, alleging Ms. Rank was not entitled to recover any amount of damages under the underinsured motor vehicle coverage because the $50,000 limits would be required to be reduced by the sum of $100,000 which was previously tendered under Ms. Churchwell's insurance policy.

State Farm joined Mr. Meeks in the declaratory judgment action pursuant to SDCL § 21-24-7, which requires all persons "be made parties who have or claim any interest which would be affected by the declaration." After being served with the summons and complaint, Mr. Meeks filed a counterclaim

alleging State Farm's act of naming him as a defendant was "malicious, vexatious, and made in bad faith." (Docket 6-2 at p. 2). Mr. Meeks' counterclaim was eventually dismissed with prejudice. (Docket 6-3).

On March 5, 2013, Ms. Rank was personally served with the summons and complaint. On April 4, 2013, Mr. Meeks filed an amended answer and counterclaim and Ms. Rank filed her original answer and counterclaim. (Docket 6-4). Both Mr. Meeks and Ms. Rank asserted in their counterclaims they are each entitled to recover $50,000 for damages stemming from the collision. Id.

On April 4, 2013, Mr. Meeks and Ms. Rank filed a notice of removal, asserting this court has diversity jurisdiction. (Docket 1). State Farm then filed a motion to remand this case back to the Fourth Judicial Circuit Court, Butte County, South Dakota. (Docket 6). In support of the motion, State Farm contends the court lacks jurisdiction because defendants' counterclaims cannot be used to calculate the amount in controversy. Id. State Farm also argues defendants' claims cannot be aggregated to satisfy the amount in controversy and asserts Mr. Meeks' amended counterclaim is improper. Id. The defendants oppose the motion. (Docket 8).

## DISCUSSION

Generally, a civil case brought in state court can be removed by a defendant to federal court if the case could have been brought in federal court

3

originally. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, this court has original jurisdiction of civil matters where the parties have completely diverse citizenship and the amount in controversy is greater than $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43 (1998) ("Removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."). The party invoking federal diversity jurisdiction has the burden of establishing the amount in controversy meets the jurisdictional minimum. See Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). All doubts as to the existence of federal jurisdiction are to be resolved in favor of remand. Cent. Iowa Power Coop., 561 F.3d at 912 (citing Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007)); Bates v. Mo. & N. Ark. R.R. Co., 548 F.3d 634, 638 (8th Cir. 2008) (citations omitted).

    If federal jurisdiction is apparent from the face of the complaint, a notice of removal must be filed within thirty days of the date the defendant is served with the summons and complaint. See 28 U.S.C. § 1446(b) (2006). Once a case is removed to federal district court, any motion to remand the matter back

to state court must be made within thirty days of the notice of removal. See 28 U.S.C. § 1447(c) (2006).

On March 5, 2013, Ms. Rank was personally served with the summons and complaint. On April 4, 2013, Mr. Meeks filed an amended answer and counterclaim and Ms. Rank filed her original answer and counterclaim. (Docket 6-4). On April 4, 2013, Mr. Meeks and Ms. Rank filed a notice of removal, asserting this court has diversity jurisdiction. (Docket 1). State Farm moved to remand on May 2, 2013. (Docket 6). Both the notice of removal and the motion to remand were timely under the statutes as they were both made within their respective thirty-day limitations periods.

There is no dispute the parties are citizens of different states. The parties dispute whether the amount in controversy exceeds the $75,000 statutory requirement. State Farm claims the amount in controversy is $50,000, because the "Complaint seeks a declaratory judgment regarding whether its policy provides [Ms.] Rank with underinsured motor vehicle coverage of $50,000." (Docket 7 at p. 5). Defendants contend the amount in controversy is satisfied because they each have "the right to bring a claim for underinsured motorist coverage." (Docket 1 at ¶¶ 19, 20). State Farm contends the defendants' counterclaims cannot be used to calculate the amount in controversy. (Docket 7).

The United States Court of Appeals for the Eighth Circuit has not determined whether counterclaims should be considered in calculating the amount in controversy in the context of removal jurisdiction. Villas v. Peak Interests, No. 8:06CV282, 2006 WL 3253472, *3 (D. Neb. 2008). However, "the majority of district courts adhere to the majority rule that no part of the required jurisdictional amount can be met by considering the defendant's counterclaim." Id. (citing 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3725 (3d ed. 2006)).

Several district courts within the Eighth Circuit agree with the majority rule. See Al-Cast Mold & Pattern, Inc. v. Perception, Inc., 52 F. Supp. 2d 1081, 1083 (D. Minn. 1999) ("for the purposes of determining diversity jurisdiction [in a removal action], the amount in controversy should be ascertained solely from the face of the plaintiff's complaint"); Cent. Associated Carriers, Inc., v. Nickelberry, 995 F. Supp. 1031, 1034-35 (W.D. Mo. 1998) (holding defendant's counterclaims could not be used to satisfy the amount in controversy); Cont'l Ozark, Inc. v. Fleet Supplies, Inc., 908 F. Supp. 668, 672 (W.D. Ark. 1995) (holding the amount at stake in a counterclaim, whether compulsory or not, may not be used in determining the amount in controversy for federal removal jurisdiction); Chief Indus., Inc. v. Campus Lofts, Inc., 8:05CV167, 2005 WL 3508456, *4 (D. Neb. 2005) (holding in a removal action "that the amount in controversy is determined solely from the face of the plaintiff's complaint").

This court agrees with those courts which hold that counterclaims cannot be used to satisfy the jurisdictional amount. This conclusion is supported by Eighth Circuit "precedent [which] requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount [in controversy]." Smith v. American States Preferred Ins. Co., 249 F.3d 812, 813 (8th Cir. 2001).

In this case, State Farm's complaint seeks a declaratory judgment to determine whether its policy provides Ms. Rank with underinsured motor vehicle coverage of $50,000. (Docket 6-1). Defendants' counterclaims cannot be used to increase the amount in controversy. The defendants have not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. As a result, the court finds the jurisdictional requirements of 28 U.S.C. § 1332(a) have not been met and this court lacks subject matter jurisdiction over this action.[1]

State Farm, in its motion to remand, requests this court order "Defendants to pay Plaintiff's costs and expenses, including attorney's fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c)." (Docket 6 at ¶ 10). Under 28 U.S.C. § 1447(c), an order remanding a removed case to

---

[1] Because the amount in controversy is less than the jurisdictional requirement of $75,000, it is not necessary for the court to discuss plaintiff's remaining arguments.

state court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."

An award of attorney's fees under 28 U.S.C. § 1447(c) is discretionary. See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  The United States Supreme Court explained the appropriate test for awarding fees under § 1447(c) "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.  The Court held:

> [T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

Id. at 141.

As discussed above, the court lacks removal jurisdiction because the amount in controversy is less than $75,000.  Applying the standard set forth in Martin, the court cannot say defendants lacked an objectively reasonable basis for seeking removal.  The Eighth Circuit has no controlling precedent on the use of counterclaims to satisfy the $75,000 jurisdictional requirement.  There

is no indication defendants sought removal in order to delay the resolution of this case or to create additional costs for the parties.  Accordingly, it is hereby

ORDERED that plaintiff's motion to remand (Docket 6) is granted in part and denied in part.  The court remands this case to the Fourth Judicial Circuit Court, Butte County, South Dakota.  The court denies plaintiff's request for an award of costs and expenses.

Dated March 11, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE